IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 MAY -4 P 10: 03

2005 JUN 16 P 2: 08

| | |
|---|---|
| Mr. Kenneth WILLIFORD,  )  <br> Petitioner  ) <br> v.  ) <br>   ) <br> Hon. William R. SAWYER, as Judge  ) <br>    in the U.S. Bankruptcy Court for the  ) <br>    Middle District of Alabama,  ) <br> Respondent  ) | Civil Action No. <br><br> 2:06cv537-MHT |

## PETITION FOR WRIT OF MANDAMUS DIRECTED TO THE HON. WILLIAM R. SAWYER, AS CHIEF JUDGE OF THE U.S. BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF ALABAMA

1. Mr. Kenneth WILLIFORD hereby petitions This Court to issue a WRIT OF MANDAMUS directed to Respondent Hon. William R. SAWYER, as Chief Judge of the U.S. Bankruptcy Court for the Middle District of Alabama, directing him to enforce the "Automatic Stay" mandated by 11 U.S.C. § 362 in Petitioner's bankruptcy case, presently pending therein, and as grounds for this Petition would present the following facts (in chronological order) and argument as to why the "Writ of Mandamus" should issue, as follows.

Part I: **Primary Background Facts in Chronological Order**

2. **September 22, 2003**: Petitioner WILLIFORD and his former wife (Charlotte Williford)'s divorce action (DR-2003-175) was tried on September 22, 2003 before Lee County Justice Center- Family Court Judge Richard Lane, in Opelika, Alabama. A major consideration in that divorce action was the division of property, which consisted of assets in the range of several million dollars. At the trial, Judge Lane was advised that the parties were contemplating filing a joint voluntary Chapter 11 petition in bankruptcy in the immediate future.

3. **October 7, 2003**: Petitioner and his former wife then filed a joint voluntary petition under Chapter 11 in the U. S. Bankruptcy Court for the Middle District of Alabama. That case, BK-03-81486-WRS-11, is still pending before the Honorable William R. Sawyer, Chief Judge. Family Court Judge Lane was advised of that.

4. **October 31, 2003**: Despite his awareness of the existence of Petitioner's joint bankruptcy filing, and despite his constructive knowledge of the existence of the "Automatic Stay" mandate contained in 11 U.S.C. § 362, Family Court Judge Lane, on or about the above date, ordered the division of the parties' property approximately as follows:

    a. Awarded Petitioner's former wife One Hundred Percent (100%) of the parties' several-million-dollar assets; and

    b. Saddled Petitioner with approximately $533,000 in unsecured debts, plus $512/month in child support. (Note 1)

5. **November, 2003**:  Petitioner appealed the divorce ruling made by Family Court Judge Lane to the Alabama Court of Civil Appeals, alleging as one ground that the parties' joint petition in bankruptcy was filed prior to the Court's division of property, and thus that division was null and void as a violation of 11 U.S.C. § 362. Nevertheless, the Court of Appeals affirmed, and the Alabama Supreme Court denied Petitioner's request for a Writ of Certiorari.

6. **FEB of 2006**: Petitioner wrote to Bankruptcy Judge Sawyer, complaining that Lee County Judge Lane had issued a judgment in violation of the "Automatic Stay" provisions of the Bankruptcy Act, and requesting that all rulings made by Judge Lane be rescinded, and requesting that all property divisions between the Joint Debtors be made by the Bankruptcy Court.  As of May 1, 2006, Petitioner has received no response from Bankruptcy Judge Sawyer.

---

Note 1: Though not legally controlling in this matter, it should be mentioned that Petitioner is incarcerated in the W.E. Donaldson Correctional Facility on a 25-year sentence, and that he is proceeding "Pro Se."

bankruptcy proceeding, where such transfer which occurred subsequent

Part II:             **Argument Presented**

7.   Petitioner argues that Lee County Family Court Judge Lane lost jurisdiction over the Petitioner's assets at the moment Petitioner and his then-wife filed their joint petition in bankruptcy; thus, Judge Lane's subsequent division of property was null and void, regardless of any issue of "fairness" and regardless of its subsequent affirmance by any Alabama Appellate Court.

Part III:             **Relief Sought**

8.  Petitioner asks This Court to issue a "Writ of Mandamus" directed to Bankruptcy Judge Sawyer, requiring him to:

   a. exercise jurisdiction over all of the property which either of the Joint Debtors in BK-03-81483-WRS-11 (i.e., Petitioner Kenneth WILLIFORD and his former wife, Charlotte Williford) had any separate or joint interest as of the date of the filing of that Chapter 11 proceeding;

   b. to cause all transfers of any such interests to or from either party in that bankruptcy proceeding, where such transfer which occurred subsequent

to the filing of that bankruptcy Proceeding, to be rescinded or otherwise made void and of no effect;

c. To conduct an evidentiary hearing into the division of property between the joint debtors, and

d. To make such division of property of the Joint Debtors as may be fair and equitable

Submitted by:

*/s/ Kenneth Williford*

Kenneth Williford, 229597   B-38
100 Warrior Lane, Bessemer, AL 35023

Certificate of Service: I hereby certify that I have mailed, by First Class Mail with all postage prepaid, a true copy of this "Petition For Writ of Mandamus" to the following persons, all on this the _3_ day of _May_, 2006:

Hon. William R. Sawyer, Chief Judge
U.S. Bankruptcy Court for the
  Middle District of Alabama
15 Lee Street
Montgomery, AL 36104

Ms. Charlotte Williford
Oak Haven Office
3503 Marvyn Parkway
Opelika, AL 36804

Hon. Richard Lane
Lee County Justice Center
2311 Gateway Drive
Opelika, AL 36804

Mr. Von G. Memory
Memory & Day, Attorneys
P.O. Box 4054
Montgomery, AL 36103-4054

Ms. Teresa R. Jacobs, Bankruptcy Administrator
One Court Square #221, Montgomery, AL 36104

*/s/ Kenneth Williford*

Kenneth Williford

Page 5 of 5